IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Camilo Munoz, | ) | No. CV 06-71-PHX-EHC (HCE) |
| Plaintiff, | ) ) | **REPORT & RECOMMENDATION** |
| vs. | ) ) ) | |
| Joseph M. Arpaio, | ) ) | |
| Defendant. | ) ) ) | |

On January 6, 2006, Plaintiff, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983.

**I.  BACKGROUND**

On January 31, 2006, the Court entered an order directing, *inter alia,* the Clerk of Court to mail a service packet to Plaintiff.  The Court's January 31, 2006 Order also directed Plaintiff to return the completed service packet to the Court within twenty days and warned Plaintiff that his failure to either obtain a waiver of service or to otherwise effect service within 120 days of the filing date of the complaint or within 60 days of the filing of the Order, whichever was later, may result in dismissal. The January 31, 2006 Order and service

- 1 -

packet were mailed on that same date to Plaintiff at his address of record.  On March 3, 2006, Plaintiff filed a Notice of Change of Address.

Plaintiff herein has failed to return the service packet within the Court-ordered deadline and to either obtain a waiver of service or effect service within the Court-ordered deadline.  In light of Plaintiff's failure to comply with the Court's January 31, 2006 Order, the Court granted Plaintiff until June 23, 2006 to file a brief showing good cause why this action should not be dismissed for his failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.  (June 1, 2006 Order)  Plaintiff was advised that his failure to file such brief by the deadline would result in a recommendation to the District Court to dismiss this action pursuant to Fed.R.Civ.P. 41.  The docket reflects that on June 7, 2006, the Court's June 1, 2006 Order was mailed to Plaintiff at his current address of record.  To date, Plaintiff has not filed the brief required by the Court's June 1, 2006 Order.

## II.  DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed.R.Civ.P. 41(b); *see also Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*"); *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986) (same).

Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a *pro se* action to comply with the Court's orders in a timely fashion.  *See Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988) (dismissing action for failure to keep court apprised of current address); *Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995) ("pro se litigants are bound by the rules of procedure"); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)(*"[p]ro se* litigants must follow the same rules of procedure that govern other litigants").

In determining whether Plaintiff's failure to prosecute warrants dismissal of his case,

the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to comply with Court-ordered deadlines, to comply with the Court's order to file a brief showing good cause why this matter should not be dismissed, to make any effort to serve Defendant, or to otherwise actively participate in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Given Plaintiff's failure to actively participate in this action, only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### III.  RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 06-71-PHX-EHC.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 14th day of July, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 14th day of July, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge